KENDALL v. MILLER et al.

9   591
97  366
9   591
124 158

The guardianship by nature extends only to the custody of the person of the ward, and not to his property. To entitle the guardian to manage the property of his ward, he must be duly appointed by some competent public authority.

A guardian can not sell even the personal property of his ward without an order of Court.

In the acknowledgment of a married woman to a deed, there must be a privy examination.

A justice of the peace can not take and certify the acknowledgment of a married woman. It must be done by a Justice of the Supreme Court, Judge of a District Court, County Judge, or notary public.

Appeal from the District Court of the Fourteenth Judicial District, County of Sierra.

A statement of the facts, sufficient to understand the points decided, appears in the opinion of the Court.

*Francis J. Dunn* for Appellant.

*W. S. Spear* and *R. H. Taylor* for Respondents.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

L. W. Sanders died, leaving a widow, and three children under age, the issue of the marriage. The widow afterwards intermarried with A. Husted, who used some of the property of the infant heirs. For the purpose of compensating the children, he conveyed to their mother, in trust for them, a certain proportionate interest in certain mining-claims. One of the children, having intermarried with McKay, united in a deed with her mother, conveying the property to the plaintiff. The defendants claimed under a subsequent sheriff's sale. The case was tried before the Court sitting as a jury; a nonsuit was entered, and the plaintiff appealed.

It is not necessary to the decision of this case, to determine whether the husband could convey the property to his wife, in trust, for the benefit of the children of the former marriage.

By the fifth section of the act for the appointment of guardians, (Wood's Digest, 427,) the father of the minor, if living—and, in case of his decease, the mother, while she remains unmarried—being competent to transact their own business, shall be entitled to the guardianship of the minor. The guardianship mentioned by this section is that which is contemplated, and the duties and powers of which are prescribed by the act itself.

The guardianship by nature extends only to the custody of the person of the ward, and not to his property. But to entitle the guardian to manage the property of his ward, he must be duly appointed by some competent public authority. (2 Kent, 218; 6 Georgia Rep., 404.) So, guardianship by nurture extends only to the person, and determines when the infant arrives at the age of fourteen. (2 Kent, 221.)

The sale of the property by Mrs. Husted, conveyed no title to the purchaser. A guardian can not sell even the personal property of his ward without an order of Court. (§ 19.)

The interest of Mrs. McKay did not pass by the deed, as it was not properly acknowledged. There was no privy examination, and it was acknowledged before a justice of the peace, when it could only be acknowledged before a Justice of the Supreme Court, Judge of the District Court, County Judge, or notary public. (Wood's Digest, 488, § 6 ; Selover *v.* Russian Am. Com. Co., 7 Cal. 266.

A married woman may, no doubt, execute a power of author-

ity without her husband. (Reeves' Domestic Relations, 120.) But if she be a trustee for infants, she can not dispose of the trust-property, except by the order of the proper Court. The infants can not give a binding consent, and the Court is bound to protect their rights.

We see no error in the decision of the District Court, and the judgment is, therefore, affirmed.