## GUY *v.* DÜ UPREY *et al.*

A MERE stranger, who voluntarily pays money due on a mortgage, and fails to take an assignment thereof, but allows it to be canceled and discharged, cannot afterwards come into equity, and, in the absence of fraud, accident or mistake of fact, have the mortgage reinstated and himself substituted in the place of the mortgagee.

*Carr* v. *Caldwell* (10 Cal. 380) was peculiar in its facts, and the decision must be considered with reference to the facts. The reasoning of the opinion is, in some respects, untenable.

*Dillon* v. *Byrne* (5 Cal. 455) commented on.

Cases cited as to whether and when payment of money due on a mortgage operates as a discharge or as an assignment of the mortgage.

A party erecting buildings upon the property of an infant, under contract with his guardian, made without authority of law, has no equitable lien on the property for the value of the improvements—such party being fully informed of the title and condition of the property.

APPEAL from the Fourth District.

Suit to foreclose a note and mortgage given by Elizabeth Nelson, defendant, as guardian of her infant son, Eugene N. Dü Uprey.

The facts are, that in April, 1854, Elizabeth Nelson purchased a certain lot of one Douglass, receiving a deed therefor, and giving a mortgage back to secure the payment of eight hundred dollars, part of the purchase money, payable in six months, with interest at three per cent. per month. In August following, she executed a deed of the lot to the defendant, Dü Uprey, her infant son, about four years of age. This deed, though expressing a moneyed consideration, was, in fact, a gift. June 6th, 1855, as guardian of her son, she entered into a written contract with one Lindsey, for the erection of a brick house upon the lot in question, for three thousand dollars. On the sixteenth of the same month, the Probate Court, by order, authorized her as guardian, to mortgage the lot to raise money to carry out the above contract and to pay the Douglass mortgage, and this order was recorded on the twentieth. On the twentieth of June, 1855, as guardian, she executed to Lindsey the note and mortgage sued on for the sum of $3,800—being the amount of the said contract and the eight hundred dollars due on the Douglass mortgage—Lindsey to pay off this latter mortgage. On the same day, Lindsey assigned the note and mortgage to defendant, Richardson, who in July, 1856, assigned to plaintiff. These instruments were all duly recorded. Richardson paid Lindsey $1,500, June 27th, 1855, the Douglass mortgage being satisfied on that day. July 9th and 28th, 1855, Richardson paid Mrs. Nelson $1,000. Lindsey completed the building, though not according to contract, leaving claims for materials and work done to the amount of $1,000 unpaid. O the $2,500 paid by Richardson, about $1,000 went to pay off the Douglass mortgage—the balance going into the building, increasing the value of the lot by about $2,400.

The Court below gave plaintiff a decree for the amount of the mortgage given by Mrs. Nelson to Douglass in 1854, with three per cent. per month interest, from June 27th, 1855—in all, $1,700—on the principle that, as plaintiff's money paid that mortgage, he was subrogated to the right of the original mortgagee, Douglass.

Guy *v.* Du Uprey.

Defendants appeal, and plaintiff also appeals, assigning as error the refusal of the Court to give him the value of the property as increased by Richardson's money.

*Crockett & Crittenden,* for Defendants and Appellants.

I.   Plaintiff is not entitled to be subrogated to the rights of Douglass, because the Douglass mortgage was duly canceled of record, and this in the absence of fraud or mistake, is an absolute discharge of the mortgage.   (1 Green's Ch. 145 ;  4 Watts & Serg. 100 ;  3 Id. 276 ; 11 Id. 513 ;  1 Pick. 601 ;  5 Johns. 68.)

II.   This mortgage was paid off by the mortgagor, and substitution is not allowed, except when the payment is by a third person.  *(Ex parte Coster,* 2 Johns. Ch.;  1 Green's Ch. 145.)

III.   There was no express or implied contract to substitute.  (Bouvier's Law Dic., Tit. Subrogation.)

IV.   The invalidity of the security taken by Richardson does not entitle him to subrogation;  nor does ignorance of the legal effect of the mortgage.   (1 Pet. 115 ;  1 Green's Ch. 145.)

V.   There is no privity between plaintiff and defendants.   He is an entire stranger.   He has no assignment of Richardson's claim resulting from advances made by the latter to pay off a prior encumbrance ;  but simply holds the note and mortgage of the minor, with Richardson's note and mortgage.

*Shattuck, Spencer & Reichert,* for Plaintiff and Respondent.

I.   Richardson having paid off a prior incumbrance to Douglass, and discharged the vendor's lien, is entitled to substitution in the place of Douglass, and his assignment to the plaintiff conveys all the right and privilege he had.   (1 Powell on Mort. 314, 315 ;  *McIntyre* v. *Agricultural Bank,* Freeman's Ch. 105 ;  *Dillon* v. *Byrne,* 5 Cal. 455 ;  *Burrell* v. *Schie,* 9 Id. 101 ;  *Carr* v. *Caldwell,* 10 Id. 380 ; *Robinson* v. *Leavitt,* 7 N. H. 99, 100 ;  *Petty* v. *Clarke,* 5 Pet. 489 ;  2 John. Ch. 503 ; 4 Id. 370 ;  *Starr* v. *Ellis,* 6 Id. 393 ;  7 Dana, 66 ;  2 Story's Eq. sec. 1227.)

II.   We go further, and say that the conveyance of Mrs. Nelson to her infant son was a mere voluntary conveyance ;  that she retained the equitable estate and the possession and control, and had a right to mortgage it.   She remained the equitable owner.   (2 Story's Eq. secs. 1197, 1198 ;  1 Lomax's Dig. 207.)

III.   The plaintiff is entitled to recover the increased value of the

property created by Richardson's money. (2 Story's Eq. sec. 1237 and note, and sec. 1239 ; 1 Story, 493 ; 2 Id. 607.)

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

This is an action to subject the property of an infant to the payment of a debt contracted by his guardian. The suit is based upon a mortgage, which was executed by the guardian without authority, and is therefore invalid. The plaintiff claims, however, that, conceding the invalidity of the mortgage, there are certain equities in the case which entitle him to recover.

The infant derived his right to the property through a conveyance from his mother, who was subsequently appointed his guardian, and in that capacity executed the mortgage referred to. The mother acquired the property by purchase, and had given a mortgage upon it to secure the payment of eight hundred dollars of the purchase money. A portion of the amount included in the present mortgage was advanced for the purpose of paying off this incumbrance, which was thereupon satisfied and discharged. The plaintiff, who is the assignee of the mortgage, claims that he is entitled to be subrogated to the rights of the first mortgagee, and to have the incumbrance, thus paid off and discharged, enforced for his benefit.

There are, says Bouvier, three kinds of subrogation. The first, is where the owner of a thing voluntarily assigns it. The second, is where a man pays a debt which cannot properly be called his own, but which it is his interest to pay, or which he might be compelled to pay for another. The third, is where the debtor borrows money expressly to pay off his debts, and with the intention of substituting the lender in the place of the original creditor. (2 Bouv. Law Dic. 554.)

In the present case there was no assignment of the mortgage, but the debt was paid off, and the mortgage itself canceled and released. The person who advanced the money, had no interest either in the payment of the debt or the release of the mortgage. He supposed, no doubt, that he was obtaining a valid lien upon the property, and was acting for his own advantage in relieving it of a prior incumbrance. In this, however, he was mistaken, but his mistake originated in a misapprehension of the legal effect of his own mortgage. He was fully advised of the facts, and we have already stated that this mortgage was invalid, and did not bind the property. He had therefore no interest to be pro-

moted by the removal of the incumbrance, and the claim to relief on that ground necessarily fails. In regard to the intention of the parties, there can be but one conclusion. Satisfaction was acknowledged upon the record, and the intention clearly was to extinguish the incumbrance and release the property. If we should hold that the incumbrance was not extinguished, it would certainly be in violation of the intention of the parties. Their acts amounted to an extinguishment, and they are presumed to have intended the legal consequences of these acts. In *Garwood* v. *Eldridge* (1 Green. Ch. R. 145) it was held that the intention of the parties must always control, and that the cancellation of a mortgage and a discharge of record, unless effected through fraud, accident or mistake, is an absolute bar and discharge of the mortgage.

The strongest case cited by plaintiff's counsel in support of their position, is that of *Carr* v. *Caldwell* (10 Cal. 380). The facts of that case were somewhat peculiar, and the decision must be considered with reference to these facts.

In *Dillon* v. *Byrne* (5 Cal. 455) the wife of the defendant intervened, and attempted to set up a homestead interest, as against a mortgage executed to secure the payment of a portion of the purchase money. It was held that this could not be done, and the decision was undoubtedly correct. There was no question of subrogation in the case, and it was not pretended that the plaintiff was entitled to recover except upon the mortgage itself. In *Robinson* v. *Leavitt* (7 N. H. 73) the true principle was declared to be that, where money due on a mortgage is paid, it shall operate as a discharge of the mortgage, or in the nature of an assignment of it, substituting him who pays in the place of the mortgagee, as may best serve the purposes of justice *and the just intent of the parties.* In *Silver Lake Bank* v. *North* (4 John. Ch. R. 370) substitution was decreed, upon the ground that the payment of the money was an act that the plaintiffs were compelled to do for their own safety.

No authority has been cited, and we think none can be found, to sustain the proposition that a mere stranger, who steps forward and voluntarily pays money due upon a mortgage, and fails to take an assignment, but allows the mortgage to be canceled and discharged, can afterwards come into equity, and in the absence of fraud, accident and mistake, have the mortgage reinstated and himself substituted in the place of the mortgagee. This is the naked proposition involved in the present case, and we are clear and decided in our opinion that it cannot be maintained, either upon principle or authority. It is true, the plaintiff relies for a

recovery upon the ground both of fraud and mistake; but there is no evidence of the former, and the latter resulted exclusively from a misconception of the law. There was no misapprehension or want of knowledge of the facts, and *ignorantia legis neminem excusat* is the rule in equity as well as at law.

The only additional point is, that the plaintiff is entitled to a lien upon the property for certain improvements placed upon it under a contract with the guardian. This contract the guardian had no authority to make, and we do not see upon what principle it càn be used to support an equitable claim against the property. The person who made the improvements, and to whose rights the plaintiff succeeded, was fully informed of the title and condition of the property, and his position was not analogous, in any respect, to that of a purchaser or *bona fide* possessor. He acted upon the faith of a contract which had no validity, and however meritorious his claim may be in a moral point of view, it does not come within any principle upon which equity administers relief in such cases.

Our conclusion is, that the plaintiff is not entitled to recover, and it is therefore ordered that the judgment of the Court below be reversed, and the suit dismissed.