A. SCHMIDT *v.* JOHN WIELAND, IMPLEADED WITH B. KEESING.

ORDER OF PROBATE COURT TO PAY MONEY TO HEIRS.—When the estate of infants is in the hands of executors, and an order is made by the Probate Court for the executors to pay to the mother, (who is also the guardian of the infants,) in her own right, and also as guardian, a sum of money, the order is an appropriation of a sum of money for the immediate use of the heirs, and the guardian may assign the same, without leave of the Probate Court, and the assignee may maintain an action against the executors to recover the money.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

On the 27th day of March, 1862, Henry J. Isaacs died, leaving a will, by which he appointed the defendants executors of the same. In due time they entered upon the discharge of the duties of their trust.

On the 18th day of December, 1866, the Probate Court made an order directing the executors to pay Mrs. Kate S. Isaacs the sum of five hundred and seventy-three dollars and sixty-four cents, in her own right and as guardian of the infant children of the testator. There were three infant children, and Mrs. Isaacs was appointed their guardian in 1863. The plaintiff advanced the money to Mrs. Isaacs, and she assigned to him the order of the Court. The executors had the money in their hands, which they had received to the use of the estate. They refused to pay the money, and the assignee brought this action to recover it.

The defendant Keesing suffered default. Plaintiff recovered judgment, and defendant Wieland appealed.

The other facts are stated in the opinion of the Court.

*Bennett & Owens*, for Appellant.

Mrs. Isaacs had no power as guardian of the children to transfer the claim of the estate of Isaacs, deceased, against Wieland and Keesing, the executors of such estate, to the plaintiff, without an order of the Probate Court. And the making of such order, if any had been made, should have been alleged in the complaint. It makes no difference that she transferred the claim for its full amount. If she could sell it for the face of it, she might sell it for such smaller sum as her judgment might dictate to be for the interest of herself and her wards. There is a total want of power to sell or transfer for any sum or price whatever. Her powers are prescribed by statute, and she has no power further than the statute.has given.

The only section that authorizes a sale of personal property by a guardian is the twentieth section of the Act respecting guardians. (1 Hittell's Laws, Art. 3,381.) But this

section authorizes a sale only upon obtaining an order of the Probate Court, "when the income of the estate of any person under guardianship shall not be sufficient to maintain the ward and his family," etc. This section was an amendment made in 1861, and covers the present case.

Section twenty-four of the same Act (1 Hittell, Art. 3,385) prescribes the mode in which the guardian shall make the application for the order of sale. The next section requires notice to be given to the next of kin.

From the whole scope of the Act, it appears clear that a guardian has no power to sell either personal or real estate without an order of the Probate Court.

*C. H. Parker*, for Respondent.

By the Court, SANDERSON, J.:

The complaint shows that the Probate Court made an order directing the defendants, as executors of the will of Henry J. Isaacs, to pay to Mrs. Kate S. Isaacs, in her own right, and as guardian of the infant heirs of Henry J. Isaacs, the sum sued for in this action. That the plaintiff advanced the money, and Mrs. Kate S. Isaacs, acting in her own right and as guardian, assigned the order of the Probate Court to him.

The order of the Probate Court was not the property of the infant heirs of the estate of Henry J. Isaacs, in the sense of the statute in relation to the duties and powers of guardians. It constituted no part of their estate in the sense of the statute or of the rule in *Kendall* v. *Miller*, 9 Cal. 591. Their estate was in the hands of the Probate Court, or of the defendants, as its officers, and the order was an appropriation of a part of the estate by the Probate Court itself to the immediate use of the infant wards.

Where the guardian is in the control and possession of the ward's estate, and is in need of funds for the education and

44

maintenance of the ward, the twentieth section of the Act in relation to guardians applies, and the proper course for the guardian is to apply to the Probate Court for leave to raise the necessary funds by selling a portion of the ward's property; but here the guardian was not in the control or possession of the ward's estate, and did not undertake to sell or dispose of any part of it, either with or without leave of the Probate Court. The estate of the wards was in possession of the defendants, as officers of the Probate Court, and whatever disposition was made of it was made, in the sense of the statute in relation to guardians, by order of the Court.

The demurrer to the complaint was properly overruled.

Judgment affirmed.