[No. 2,089.]

## J. E. DE LA MONTAGNIE *v.* THE UNION INSUR-ANCE COMPANY.

SALE OF WARD'S PROPERTY BY GUARDIAN, WITHOUT ORDER OF COURT, VOID.—Where shares in an insurance company belonged to an infant, but were issued to his guardian, under the name of "Augusta R. Josephi, Guardian," and she afterwards, in the same name but without any order of the Probate Court, sold and assigned them: *held,* that such sale was void, and that the purchaser could not require the company to recognize him as having any title to such stock.

PURCHASE OF WARD'S PROPERTY FROM GUARDIAN—CAVEAT EMPTOR.—Every alienation of the property of a ward by a guardian, if made without an order of Court, is void; and it is of no import whether the purchaser has knowledge that it belongs to the ward or not.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

The facts, sufficient for an understanding of the points decided, are stated in the opinion. The conclusions of law

and judgment, rendered in December, 1868, were to the effect that plaintiff should recover two hundred and seventy-four dollars, the deterioration in value of the stock between the time of the demand by plaintiff and the trial, and for a transfer of the stock.   The defendant appealed.

*Sidney V. Smith*, for Appellant.

At common law a guardian could sell the personal property of his ward without application to any Court; but it was always considered safer to obtain the direction of a Court of chancery.  (2 Kent, 228.)   Under our statute regulating the relation of guardian and ward, the power of the guardian to sell any personal estate of the ward without an order of Court is expressly taken away.  (Guardian and Ward Act, Secs. 20 and 25; see also *Kendall* v. *Miller*, 9 Cal. 591.)

The plaintiff having derived title to the stock through a transfer to and an assignment from "Augusta R. Josephi, Guardian," had sufficient notice, or at least was put upon inquiry, as to the title of the stock not being in Mrs. Josephi. The addition of the word "Guardian" to her name was an indication that she did not hold the stock in her own right; it was enough to excite the suspicion of any prudent man. (See *Decan* v. *Shipper*, 35 Penn. St. 239.)

*G. F. & W. H. Sharp*, for Respondent.

The defendant cannot make the defense which it sought to set up, and now urges to defeat the judgment.   It issued the stock to Mrs. Josephi, with the simple addition of "Guardian."   If it treated this designation as simply *descriptio personœ*, it cannot now question her right to transfer the stock in the same manner and capacity.   If the ward interposed no objection to the proceeding, the company cannot.   If the guardian in any manner violated the terms of

his trust, it is for the Court, or his bondsmen, or the ward
to complain.

Again, the Court found that the plaintiff took without
notice; and the company was bound, therefore, to transfer
to him. (*George* v. *Kendall*, 15 Wend. 640.) Having issued
the stock to Mrs. Josephi as guardian, it is estopped from
questioning any transfer made by her in that capacity.
(*Dyer* v. *Rich*, 1 Met. 180.)


By the Court, WALLACE, J.:

This is an action to recover the value of certain shares of
the capital stock of the corporation defendant, which the
plaintiff alleges to be his property, and to have been con-
verted by the defendant to its own use.

It appears that one James Michael, deceased, was at the
time of his death owner of some thirteen shares of the capi-
tal stock of this insurance company, evidenced by a certifi-
cate standing in his own name, and that, under the order of
distribution of the Probate Court, these shares came to
Michael Frank Michael, an infant son of the decedent, and
of whose person and estate his mother, Augusta R. Josephi,
was the duly appointed guardian; and upon surrender of
the original certificate by her a new certificate was issued
to her, which ran on its face to "Augusta R. Josephi, Guard-
ian," and she thereupon, and without any order of or au-
thority from the Probate Court, sold the stock to De la
Montagnie, "and on the same day assigned the said certifi-
cate thereof to him by an indorsement thereon, signed by
her 'Augusta R. Josephi, Guardian.'" The corporation
defendant refused to recognize the transfer, and declined to
issue a new certificate of stock to De la Montagnie, upon
his proffered surrender of this one.

The first question is, whether or not the sale and transfer,
under the circumstances, vested a title to the stock in De la

Montagnie. The Court below found in this connection that the latter "had no knowledge that the said Augusta R. Josephi held the said stock as guardian of Michael Frank Michael, or that said stock belonged to him;" but that fact, in our opinion, is of no import. In *Kendall* v. *Miller*, 9 Cal. 591, it was held by this Court, that a sale made by a guardian of a portion of the estate of the ward, without authority from the Probate Court, conveyed no title to the purchaser; and the rule announced in that case was subsequently recognized here, at least by fair implication, in *Schmidt* v. *Wieland*, 35 Cal. 343, as being the correct exposition of the statute in force, regulating the sale of the property of wards by their guardians. We think, too, irrespective of adjudged cases, that the plain intent of the statute is to make void every alienation of the property of the ward, if made by the guardian without the order of the Court; and that the rule, in itself, is one of wholesome application to such sales, whether of the personal or real estate of the ward.

Judgment reversed, and cause remanded, with directions to render judgment for the defendant.

Mr. Justice TEMPLE, being disqualified, did not sit in this case.