[S. F. No. 1479. Department One.—March 29, 1899.]

HENRY N. MORSE, Administrator, etc., Appellant, v. FLORENCE BLYTHE HINCKLEY, Respondent.

GUARDIAN AND WARD—CONTRACT OF GUARDIAN—EMPLOYMENT OF ATTORNEY FOR WARD—ORDER OF COURT.—A guardian cannot bind the ward or the ward's property by a contract of employment of an attorney to render legal services on behalf of the ward, without an order of the court having jurisdiction of the estate.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Edward A. Belcher, Judge.

The facts are stated in the opinion of the court.

Noble Hamilton, and R. M. F. Soto, for Appellant.

W. H. H. Hart, and Aylett R. Cotton, for Respondent.

VAN DYKE, J.—The action was commenced by George P. Goff, deceased, December 5, 1896. It is alleged in his complaint that in October, 1885, said defendant, her name then being Florence Blythe, by her guardian, James Crisp Perry, filed her petition in the matter of the estate of Thomas H. Blythe, deceased, in the superior court of the city and county of San Francisco, under section 1664 of the Code of Civil Procedure, wherein she claimed and asserted that she was the daughter and sole heir of Thomas H. Blythe, deceased, and prayed to be so adjudged; that on the twenty-second day of October, 1890, said superior court in the matter of the said estate did adjudge that she was the daughter and sole heir of said Blythe, and entitled to distribution of all of his estate, and that the judgment was affirmed by the supreme court; that among the issues which arose on said petition and the answers thereto was the issue whether or not, under the laws of this state, she had been legitimated as the child of said Thomas H. Blythe, deceased; that in the year 1889, while such issue was pending and undetermined, said guardian of the person and estate of said Florence entered into a contract with said Goff, an attorney and counselor at law, whereby it was agreed that said Goff should and would prepare and furnish to one W. H. H. Hart, the leading counsel in said matter of said claimant, a brief on her part on the question whether or not she had been legitimated under the laws of this state; and that in consideration thereof, as soon as and when it should be finally determined that she had been legitimated by said decedent, and she should come into the possession of his estate, said Goff would be paid out of such estate a reasonable compensation for preparing and furnishing such brief; that said Goff entered upon the discharge of his obligations under said contract, and did prepare and afterward and before the twenty-first day of May, 1891, the date of the death of said Perry, did furnish to said Hart a brief on behalf of said claimant on that question; that the reasonable value of said services of said Goff, performed under said contract in preparing and furnishing said brief, is the sum of twenty thousand dollars; that the defendant, within two years preceding the commencement of this action, came into the possession of the whole of the estate of said decedent, Thomas H. Blythe, as his only child and sole heir at law under and by virtue of a decree

of final distribution made in the matter of said estate. The court is asked to decree that the sum claimed is due for the services rendered, and that it be declared a lien upon the real property which so came into possession of said defendant, and which is described in the complaint, and that said real property be sold and the proceeds applied to the payment of the sum adjudged to be due, together with costs.

Subsequent to the bringing of the action said Goff died, and the present plaintiff was appointed administrator in the matter of his estate, and on February 5, 1897, as such administrator, was substituted as plaintiff. Thereafter an amendment was added to the complaint, to the effect that at the time of the making and entering into the contract between said Goff and said Perry, guardian of the estate of defendant, it was understood and agreed between them that said Perry should not individually become personally liable, and that the brief mentioned in the original complaint was furnished by said Goff to said Hart in the month of July, 1890, and that said defendant had no other property other than the property inherited from the estate of said Thomas H. Blythe.

To this complaint as amended a demurrer was interposed, specifying as the grounds thereof that said complaint as amended did not state facts sufficient to constitute a cause of action; that it did not appear therefrom that any order of court was ever obtained or made authorizing Perry, as guardian of said defendant, or otherwise, to enter into the contract alleged and set forth in the complaint so amended, and that the action is barred by the provisions of sections 337, 339, and 343 of the Code of Civil Procedure.

The court below sustained the demurrer without leave to amend, and judgment was entered thereon accordingly in favor of the defendant. This appeal is from the judgment so entered.

It is admitted by the appellant that no personal liability could have been enforced against the guardian had he lived, under the contract set out in the complaint, and also that no personal liability can or could be enforced against the defendant under said contract made by her guardian, but it is claimed that where moneys have been advanced or services have been rendered in good faith for the benefit of the estate, relying solely on the es-

tate for reimbursement or compensation, the claim for such advances or services may be enforced out of the estate by a suit in equity. Counsel in his brief says: "If it be contended that the case is novel, or that there are no precedents in this case for this suit, that argument furnishes a strong reason why in this case a precedent should be established that justice may be done, so that the defendant shall not retain the vast estate which she has gained, without compensating those who have assisted her in securing the victory for their labors in that behalf."

If, however, a precedent should be established in this case, as suggested, there is nothing in the complaint as amended to bring this case within the rule suggested by appellant's counsel. It nowhere appears therefrom that the brief was ever accepted by the leading counsel, or used in the settlement of the Blythe estate, or that it aided the defendant in the least in obtaining the judgment of the court establishing her heirship, and by which judgment she succeeded to the possession of the property of the Blythe estate.

Besides, in this state the guardian has no power, without the order of court, to sell or encumber the property of his ward. "A guardian of the property must keep safely the property of his ward. He must not permit any unnecessary waste or destruction of the real property, nor make any sale of such property without the order of the superior court, but must, so far as it is in his power, maintain the same, with its buildings and appurtenances, out of the income or other property of the estate, and deliver it to the ward at the close of his guardianship in as good a condition as he received it." (Civ. Code, sec. 249.) To encumber the property with liens which may be foreclosed or enforced and the property sold, without an order of court, would not be complying with the provisions of the code.

In *Guy v. Du Uprey*, 16 Cal. 195 [76 Am. Dec. 518], it was sought to hold the ward's property liable for improvements put thereon, under a contract made with the guardian. The court say: "This contract the guardian had no authority to make, and we do not see upon what principle it can be used to support an equitable claim against the property. The person who made the improvements, and to whose rights the plaintiff succeeded, was fully informed of the title and condition of the property, and his

position was not analogous, in any respect, to that of a purchaser or *bona fide* possessor. He acted upon the faith of a contract which had no validity, and, however meritorious his claim may be in a moral point of view, it does not come within any principle upon which equity administers relief in such cases."

*De La Montagnie v. Union Insurance Co.*, 42 Cal. 290, was a case where the guardian of a minor assumed to sell and transfer stock belonging to her ward without an order of the probate court, and the question was whether such sale transferred the title of the stock to a party who bought in good faith, and without knowledge of the fact that it belonged to a minor; and it was held that the sale was void, referring to *Kendall v. Miller*, 9 Cal. 591, and *Schmidt v. Wieland*, 35 Cal. 343, the court adding: "We think, too, irrespective of adjudged cases, that the plain intent of the statute is to make void every alienation of the property of the ward, if made by the guardian without the order of the court, and that the rule in itself is one of wholesome application to such sales, whether of the personal or real estate of the ward."

*Hunt v. Maldonado*, 89 Cal. 636, was an action to recover an attorney's fee for services rendered to the guardian of a minor in pursuance of a written contract. The action was against the minor the same as in this case. The court say: "If the guardian made a valid contract with the attorney he may be held liable, and if he pays it, and the probate court shall deem the expenditure reasonable and necessary to protect the estate of the ward, it may be allowed from the ward's estate. But it is an expense incurred by the guardian in the performance of his duties, for which he is primarily liable."

*Fish v. McCarthy*, 96 Cal. 484 [31 Am. St. Rep. 237], was an attempt to enforce a mechanic's lien upon property of a minor in a suit against both guardian and minor. The complaint showed that the defendant, Mary McCarthy, in her character of guardian of the estates of Mary, Joseph, and Patrick Powers, minors, employed the plaintiff to repair a certain building, the property of her wards. The plaintiff repaired the building, furnished all the materials necessary for that purpose, and regularly filed and recorded his claim and notice of lien. "Assuming," the court say, "that the allegation in question is equivalent to an aver-

ment that the defendant McCarthy, as guardian of the minor defendants, and on their behalf, made the contract in question, it seems clear that the defendant as such guardian could not subject the estate and property of her wards to a lien such as here sought to be enforced without first obtaining an order of court authorizing her to do so." (Citing with approval *Guy v. Du Uprey, supra;* and *Hunt v. Maldonado, supra.*) "As the mechanic's lien arises from work done and materials furnished under an obligatory contract, if the contract be not binding the lien necessarily fails."

If a guardian cannot enter into a valid contract, without first obtaining an order of the probate court, for repairs and improvements of buildings on property belonging to the ward, surely a guardian without such authority cannot enter into a contract for the employment of legal services so as to bind the ward, or in any way affect his property.

The powers of guardians over the estate of the ward, the same as of executors and administrators, cannot be exercised except according to the provisions of law, and under the orders of the court which has jurisdiction of the estate.

The contract, as alleged in the complaint, which assumed to encumber the property of the ward, without an order of the probate court, is invalid. This renders it unnecessary to consider the question of the statute of limitations.

Judgment affirmed.

Harrison, J., and Garoutte, J., concurred.