[Civ. No. 6450. Third Appellate District.—February 24, 1941.]

In the Matter of the Guardianship of the Person and Estate of TIMOTHY H. CARLON, an Incompetent Person. W. J. FERREL, as Guardian, etc., Respondent, JANE ALICE CARLON, Appellant.

Lafayette J. Smallpage and Forrest E. Macomber for Appellant.

Gumpert & Mazzera and C. Ray Robinson for Respondent.

THOMPSON, J.—Jane Alice Carlon, the wife of Timothy H. Carlon, an incompetent person, has appealed from an order of the probate court of Merced County, authorizing the leasing of real property and the sale of personal property belonging to his estate, incident to an order to compromise a purported claim under the provisions of section 1530a of the Probate Code.

Mr. Carlon is an old man possessed of real and personal property of a value in excess of the sum of $100,000. The appellant is his wife. They have been separated for some time. They executed an agreement settling property rights between them. No question is raised regarding her right to prosecute this appeal. October 10, 1938, he was adjudged

to be incompetent and W. J. Ferrel was appointed and qualified as guardian of his estate. July 2, 1938, prior to the adjudication of incompetency, Mr. Carlon and Clyde D. Booth signed a memorandum agreement which was written in a small pocket-book belonging to the person last named. The memorandum was in the following language:

"July 2nd

"Tim agrees to sell cattle to me for $30.00 per head approximate number 1700 exact count to be determined when they come out of the mountains.

"Also I am to rent all grazing land in Mariposa and Tuolumne Co. for 10,000 per year & Mrs Ferratti is to be allowed to run her cattle on the range as in the past and Tim will graze his horses on range land at no cost.

"This does not include any river bottom land.

"I can depend on Tim for advise any time.

"Tim reserves 50 best steers to be sold off clover next season, he to pick them.

(Signed) T. H. CARLON
(Signed) CLYDE D. BOOTH"

No part of the foregoing agreement was performed prior to the adjudication of incompetency. There was no delivery of cattle and no payment of any portion of the purchase price thereof. The proposed lease of land was not executed. Neither the duration, the terms of the proposed lease nor the description of the property were specified in the memorandum signed by the parties. No claim for specific performance of the executory contract was filed with the estate. January 19, 1939, Mr. Ferrel, the guardian, filed in the estate of his ward, a verified petition to compromise the claim of Clyde D. Booth, based on the foregoing written memorandum, pursuant to section 1530a of the Probate Code. There is attached to the petition, as exhibits, the written memorandum heretofore quoted, a proposed ten-year lease of 20,000 acres of land consisting of "all of the real property situated in the counties of Mariposa and Tuolumne, belonging to the estate of said incompetent person" for the yearly rental of $10,000, a bill of sale of 1800 head of cattle and a proposed agreement between the guardian and Clyde D. Booth covering many details of the proposed transaction. Opposition to that petition was filed by the wife of the incompetent person on the grounds that the probate court lacked jurisdiction or au-

thority to compromise the purported claim, to transfer title to the cattle or to grant leave to lease the real property.

Section 1530a of the Probate Code provides that notice of the hearing of a petition to compromise a claim against the estate of an incompetent person shall be given in accordance with section 1200 of that code. That section requires *proof* of the giving of the required notice, at the time of the hearing, as a prerequisite to acquiring jurisdiction of the proceeding. In making the order authorizing or rejecting a compromise of a claim against an estate, it is customary for the court to find that notices were previously given as required by law. The record on appeal in this proceeding contains no proof of the giving of notice of the hearing as required by law. The court failed to find that notice of the hearing was given. After a full hearing on the petition the court on May 31, 1939, made and entered its order. The order of the court does not specifically authorize the guardian to sell the cattle belonging to the estate of the incompetent person, nor does it authorize the leasing of the real property. It merely declares that ''The court makes its ruling that petition to compromise claim against estate be granted''. From that order this appeal was perfected.

We are of the opinion the probate court was without jurisdiction to authorize the conveyance of title to personal property or to lease real estate belonging to the estate of the incompetent person, under section 1530a of the Probate Code, as incident to the compromising of a purported claim against the estate based on the unenforceable executory contract above quoted.

Section 1530a of the Probate Code, upon which the guardian relies, reads in part:

''The guardian, with the approval of the court, may compromise any claim against the estate or any suit brought against the guardian as such, by the transfer of specific assets of the estate, or otherwise. To obtain such approval, the guardian shall file a verified petition with the clerk showing the advantage of the compromise.''

We assume that the preceding section authorizes the probate court to approve a compromise of only such claims against the estate of an incompetent person as are valid and legally enforceable. Section 708 of the Probate Code provides that neither the administrator of an estate nor the judge may ap-

prove a claim which is barred by the statute of limitations.
■ The guardian of a minor child or of an incompetent person exercises a trust demanding of him the highest degree of good faith and confidence. The law is scrupulously careful to protect the interests of minor children and incompetent persons who are incapable of looking after their own affairs.
■ If a guardian be permitted to allow and satisfy an illegal claim against the estate of his ward, even with the approval of the probate court, it would place an unwarranted burden on the court, and open the door for speculation and dissipation of such estates. It is apparent the legislature did not intend to authorize the sale or confirmation of the sale of personal property or approve the leasing or sale of real property in the estate of an incompetent person with less formality than is required in the estate of a deceased person. If those transactions could be consummated in the guise of authorizing the compromise of illegal or unenforceable claims as mere incidents thereto, the estates of incompetent persons and minors might suffer great loss. We therefore conclude that section 1530a is intended only to authorize the compromising of valid, enforceable claims against estates. Section 1534 of the Probate Code indicates that the same rules with respect to enforcing executory contracts in estates of deceased persons shall also apply to the estates of incompetent persons. That section provides:

"Sales by guardians may be at public auction or private sale, as the guardian deems best. All proceedings concerning sales by guardians, giving notice of sale, reselling the same property, return of sale and application for confirmation thereof, notice and hearing of such application, making orders authorizing the sale of stocks, bonds, or investment certificates and shares of building and loan associations rejecting or confirming sales ordering and making conveyances of property sold, and allowances of commissions, *must conform, as nearly as may be, to the provisions of this code concerning sales by administrators,* unless otherwise specially provided in this chapter."

As applied to the estates of deceased persons, section 850 of the Probate Code declares that executory contracts to convey real estate, made by decedents before their death, may be enforced only when the maker is *bound* by a written contract to make conveyances which "the decedent, if living,

*might be compelled to make.''* (11B Cal. Jur. 201, sec. 800; 2 Bancroft's Prob. Prac. 971, sec. 530.)

Likewise, with reference to the making of leases of real property in the estates of deceased persons, section 844 of the Probate Code prohibits an executor or administrator from leasing property for a term exceeding one year without first obtaining an order of court so to do. The application for such an order must be made pursuant to sections 840 to 842 of the same code. It is there asserted the order must specify the amount of rental, the duration of the lease and the terms and conditions of the lease. Section 772 of that code provides that sales of personal property may be made only after the giving of public notice thereof containing a description of the property to be sold and a designation of the time and place of sale. It is provided the sale must be held at the courthouse door, at some other public place or at the residence of the decedent. No sale of personal property may be made unless it is present at the time of the sale, except as otherwise directed by the court. All of the foregoing conditions for sales of personal property or for leasing real property would be dispensed with if, in the guise of compromising an unenforceable executory contract in the estate of an incompetent person, the lease and transfer of title to the cattle which are involved in this proceeding could be approved in this manner.

We are of the opinion the executory memorandum of agreement to transfer title to the cattle and to lease the real property in the present proceeding is invalid and unenforceable since Mr. Carlon became incompetent before its terms were carried out, and because it is uncertain in its terms. There was no previous order for sale of the cattle. There was no consideration paid, and there was no delivery of the cattle. No title passed. The memorandum fails to describe the land so that it may be definitely located, and it fails to specify the duration of the proposed lease or its material terms. That memorandum could not have been enforced, in our judgment, if Mr. Carlon had not been adjudged incompetent. Written agreements to lease property, which were much more specific in their terms than the memorandum which is involved in this proceeding, were held to be unenforceable for uncertainty. (*Wineburgh* v. *Gay,* 27 Cal. App. 603 [150 Pac. 1003];

*Laugharn* v. *Bryant,* 5 Cal. App. (2d) 721 [43 Pac. (2d) 312].)

It has been repeatedly held that alienation by a guardian of the property of a ward, without first procuring an order of court to do so, is absolutely void. (*Kendall* v. *Miller,* 9 Cal. 591; *Morse* v. *Hinckley,* 124 Cal. 154 [56 Pac. 896]; 108 A. L. R. 940, note; *De La Montagnie* v. *Union Ins. Co.,* 42 Cal. 290.) In the case last cited it is said in that regard:

"We think, too, irrespective of adjudicated cases, that the plain intent of the statute is to make void every alienation of the property of the ward, if made by the guardian without the order of the court; and that the rule in itself, is one of wholesome application to such sales, whether of the personal or real estate of the ward."

It has been repeatedly held that the representatives of estates may allow only legal, enforceable claims against the estates, and that they must reject all illegal and unenforceable claims. (*Etchas* v. *Orena,* 127 Cal. 588, 593 [60 Pac. 45]; 11A Cal. Jur. 785, sec. 558.)

In the text found in 3 Bancroft's Probate Practice, page 1397, section 785, it is suggested that a claim which may be allowed or compromised against an estate, must be a valid claim which might have been specifically enforced in the lifetime of the deceased. It is said in that regard:

"A very interesting problem arises as to whether an obligation entered into by the decedent in his lifetime, but which remains wholly or in part executory at the time of his death, is a 'claim' . . . within the meaning of statutes requiring presentment in probate. It is well settled that *if such a contract is not terminated by the fact of death of the decedent,* his estate remains liable. *If of such a nature as to have been specifically enforceable had the decedent continued to live, the contract is so enforceable after his death."*

The clear inference is that if the executory contract is not legally enforceable it should not be allowed or compromised. If a claim which is based on an executory contract is unenforceable for uncertainty, because it is barred by the statute of limitations, or otherwise, it may not be the subject of compromise in the estate of an incompetent person under section 1530a of the Probate Code. It follows that the court was without authority to approve the compromise of

the purported claim in this proceeding by authorizing the transfer of title to the cattle in question or the leasing of the real property in a manner not authorized by statute.

The order is reversed and the court is directed to disallow the purported claim of the respondent.

Pullen, P. J., and Tuttle, J., concurred.

A petition for a rehearing was denied March 26, 1941, and respondent's petition for a hearing by the Supreme Court was denied April 24, 1941. Carter, J., voted for a hearing.