[Civ. No. 19222. Second Dist., Div. Three. Jan. 22, 1953.]

Guardianship of the Person and Estate of HARRY THOMAS BOXLEY, an Incompetent Person. CHESTER W. BOXLEY, as Guardian, etc., Appellant, v. JOHN P. McGINLEY et al., Respondents.

484

Roland Maxwell and Paul H. Marston for Appellant.

John P. McGinley and John E. Glover, in pro. per., for Respondents.

SHINN, P. J.—Chester W. Boxley as guardian of the person and estate of Harry Thomas Boxley, an incompetent person, appeals from an order awarding fees to John P. Mc-Ginley and John E. Glover for legal services and reimbursement for expenditures to be paid to them from the estate in guardianship. Some of the services of the attorneys and some of the expenditures were under a direct or purported employment of the attorneys by the ward. Others were under employment by a guardian *ad litem,* and further services were rendered by the attorneys in a voluntary appearance on behalf of the ward upon a hearing of the guardian's petition for instructions.

By its order the court allowed $750 ''as and for attorneys' fees for legal services rendered to said Incompetent as alleged in said Petition [of the attorneys], and the further sum of One Hundred Seventy and 11/100 Dollars ($170.11) to reimburse said John P. McGinley and John E. Glover for expenditures made by them for and on behalf of the Incompetent as alleged in said Petition.'' The proceedings were as follows: June 13, 1951—Petition of Harry Thomas Boxley for

removal of Chester W. Boxley as guardian and appointment of another guardian; July 27, 1951—Petition dismissed; July 23, 1951—Order appointing John P. McGinley guardian *ad litem* "to maintain and prosecute the proceedings for the removal of Chester W. Boxley as Guardian herein and to take such action in connection therewith as may be necessary or advisable"; July 27, 1951—Petition of Arthur Leuhwesman as guardian *ad litem* for the removal of Chester W. Boxley as guardian and for the appointment of himself as guardian. (Although the briefs state Mr. Leuhwesman was appointed as guardian *ad litem* the record does not show his appointment or the resignation of Mr. McGinley); September 19, 1951—Petition for removal denied; September 26, 1951—Petition of guardian for instructions; October 29, 1951—Order made for removal of ward from Camarillo State Hospital to Baldy View Sanitarium at San Gabriel; December 10, 1951 —Petition of attorneys for fees and reimbursement; March 20, 1952—Order for attorneys' fees and reimbursement.

The first petition for removal was signed by the ward and by Messrs. McGinley and Glover as his attorneys. About one-half of the extensive correspondence carried on by the attorneys was prior to the appointment of a guardian *ad litem* and an indeterminable part of the services were rendered during that time. After a guardian *ad litem* was appointed the deposition of the guardian was taken and a substantial amount of money was expended by the attorneys. They also conducted the trial in the hearing of the petition of the guardian *ad litem* for removal of the guardian. Their services for the guardian *ad litem* ended with the denial of his petition. Thereafter the attorneys appeared on the hearing of the guardian's petition for instructions. In that petition the guardian represented to the court that it would be to the best interest of the ward to remain in the state hospital. The attorneys, on behalf of the incompetent, resisted the efforts of the guardian to keep the ward in the state hospital and in accordance with his long expressed desire sought his removal to a private sanitarium. The court ordered the transfer.

The principal question is whether the court had authority to award to the attorneys fees for their services and reimbursement for expenditures rendered to the ward and not to the guardian or guardian *ad litem*. Appellant denies that the court had such authority, although conceding that an allowance could properly be made for services rendered to the guardian *ad litem*. This is a sound position.

██ Guardianship of the estate of an incompetent being a statutory proceeding we must look to the Probate Code for the regulations which govern with respect to liability of the estate for the services of attorneys. Under section 1556, Probate Code, a guardian is allowed his reasonable expenses incurred in the execution of his trust and the court may make an allowance for attorneys' fees on petition of the guardian. Section 1556.1, added in 1951, reads in part: ''At any time after the filing of the inventory and appraisement, but not prior to the expiration of three months from the issuance of letters of guardianship, any attorney who has rendered services to a guardian may petition the court for an order fixing and allowing his compensation for services rendered to that time.'' ██ Nowhere do we find a grant of authority to the court to charge the estate of an incompetent with liability for attorneys' fees other than those rendered to a guardian which, of course, includes a guardian *ad litem*. An insane or incompetent person who is a party to an action must appear either by his general guardian or by a guardian *ad litem*. An exception is made of a proceeding for restoration to capacity. (Prob. Code, § 1470.) ██ A guardian may be removed for the causes specified in section 1580 but there is no provision for the institution of a removal proceeding by the ward himself. A removal proceeding is clearly one which may not be initiated by the ward. He is not competent to engage the services of attorneys to institute such a proceeding. The statutory provisions under which the estate of the ward may be charged with the amount of attorneys' fees for services rendered a guardian exclude, by implication, liability of the estate for attorneys' fees in connection with the administration of the estate which are rendered to the incompetent directly or to persons other than the guardian.

The allowance made by the court should have been limited to the reasonable value of the services rendered to the guardian *ad litem*, and reimbursement should likewise have been limited to the expenditures of the attorneys in the prosecution of the proceeding of the guardian *ad litem* for removal of the guardian. The appearance of the attorneys at the hearing of the guardian's petition for instructions was not on behalf of the guardian *ad litem* and the efforts made to have the ward removed from the state hospital were not within the scope of his authority or duties under the order of appointment.

It is clear from the findings that certain paragraphs of the petition of the attorneys were true, as well as from the order itself, that the allowance was made for the entire services. Although the court was convinced that the ward should long since have been removed to a private sanitarium and that the efforts of the attorneys had accomplished that result, there was no determination as to the value of the services rendered the guardian *ad litem.* The result accomplished was the principal factor in evaluating the services but there is no basis in the evidence, nor in the facts recited in the order, which would enable this court to place a value upon the services for which an allowance could properly be made. When the matter is reheard the petitioners should be allowed to amend their petition to conform to the views herein expressed, and the guardian *ad litem* should join therein.

The order is reversed.

Wood (Parker), J., and Vallée, J., concurred.