[Civ. No. 9543.    Third Dist.    May 20, 1959.]

HARRY DEVENCENZI et al., Appellants, v. MICHAEL DONKONICS et al., Respondents.

Charles Reagh and Elisabeth Craig for Appellants.

Francis W. Collins and Charles L. Hemmings for Respondents.

WARNE, J. pro tem.*—This is an appeal from a judgment in favor of the defendants entered after appellants declined to amend their amended complaint after the sustaining of a demurrer thereto.

The complaint as amended was in two counts. The first alleged that the defendants were indebted to the plaintiffs in the amount of $4,000 for merchandise sold to defendants pursuant to an oral agreement. The second alleged that appellants were engaged in a joint enterprise of cutting and selling Christmas trees at wholesale; that respondents were engaged in a joint enterprise of selling Christmas trees at retail, and that the respondent Donkonics on behalf of himself and the other respondents made the following offer to appellant Wattenburg:

"AGREEMENT

November 13, 1956

"Dear Sir:

This is in regard to our conversation on the 10th of November referring to 1600 to 2000 Christmas Trees at $2.00

---

*Assigned by Chairman of Judicial Council.

each, running 6' average each, and selection of good marketable trees. I will pay cash upon loading in box cars.

If this is agreeable to you please sign the two copies. Keep one for your files and return the other copy to me as soon as possible.

Hoping this finds you satisfactory,

Sincerely,
/s/   MICHAEL DONKONICS
Michael Donkonics
Pinole Salvage Company
Pinole, California

Mr. Wolburg
Box 25
Greenville, California''

The amended complaint further alleged that appellant Wattenburg, on behalf of himself and the other appellants, accepted the foregoing offer in writing and mailed said acceptance to respondent Donkonics, but that thereafter respondents repudiated the agreement and refused to accept or pay for the 2,000 Christmas trees, which were available for delivery to them. The prayer was for damages in the amount of $4,000.

A demurrer to the amended complaint was sustained ''upon the ground that the Complaint alleges an oral agreement, apparently within the Statute of Frauds, without alleging facts, if they exist, sufficient to remove the bar of the statute. It appears that the Court would not be entitled to indulge the presumption that the contract is in writing, where it appears upon the face of the complaint itself that plaintiffs rely, at least in part, upon the oral contract.''

■ Unquestionably, the first count of the amended complaint was vulnerable to the attack by demurrer as it alleged an oral contract for the sale of goods of a value in excess of $500, but did not allege delivery, part payment, or any written note or memorandum of the contract so as to take it without the statute of frauds. However, as to the second count the written offer quoted above constituted a sufficient note or memorandum of the contract under section 1624a of the Civil Code, which provides that:

''(1) A contract to sell or a sale of any goods or choses in action of the value of five hundred dollars or upward shall not be enforceable by action unless the buyer shall accept

part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract of sale be signed by the party to be charged or his agent in that behalf."

Respondents argue that the written offer signed by respondent Donkonics is similar to the note or memorandum held to be too uncertain to be enforceable in *Guardianship of Carlon*, 43 Cal.App.2d 204, 206, 209 [110 P.2d 488]. The written memorandum there considered was as follows:

"July 2nd

"Tim agrees to sell cattle to me for $30.00 per head approximate number 1700 exact count to be determined when they come out of the mountains.

"Also I am to rent all grazing land in Mariposa and Toulumne Co. for 10,000 per year & Mrs Ferratti is to be allowed to run her cattle on the range as in the past and Tim will graze his horses on range land at no cost.

"This does not include any river bottom land.

"I can depend on Tim for advise any time.

"Tim reserves 50 best steers to be sold off clover next season, he to pick them.

(Signed)  T. H. CARLON

(Signed)  CLYDE D. BOOTH"

There the memorandum failed, as pointed out by this court, to describe the land so that it may be definitely located, and it failed to specify the duration of the proposed lease or its material terms. We do not have a comparable situation in the instant case. Here the offer states the number of Christmas trees, the price, the average height and the quality and states that cash will be paid upon loading in box cars. We see nothing uncertain in that language. It apparently was a written confirmation of the conversation which took place on the 10th of November between Donkonics and Wattenburg concerning the purchase and sale of Christmas trees. Further, its terms are far more certain, definite and explicit than those of the telegram which was held could be construed as an offer to sell in *Gibson* v. *De La Salle Institute*, 66 Cal.App. 2d 609, 611, 625-626 [152 P.2d 774]. The telegram in that case reads as follows:

"Find it necessary to ask for following prices 275,000 gallons sherry .85 stop 80,000 gallons muscatel .90 stop 45,000

gallons port .85 stop 50,000 gallons dry red .50 stop 50,000 gallons dry white .70 stop or an average price of .80 per gallon on the above 500,000 gallons terms cash but can supply warehouse receipts on 250,000 gallons stop please write today if interested and samples and sales contract will go forward.''

Likewise, in *Guerrieri* v. *Severini,* 132 Cal.App.2d 269, 271-272 [281 P.2d 879], the following writing was held to be a sufficient memorandum of the sale to satisfy the requirements of section 1624a of the Civil Code:

"Instructions to SEVERINI WINERY & DISTILLERY, MADERA, CALIF.

Sold To   SANTA FE VINTAGE CO
          1700 N. SPRING ST
          LOS ANGELES, CAL.

Ship Via   AS INSTRUCTED              When_____

              Invoice No. 1733
              Date   MARCH 27, 1953
                  LEWIS G
              Buyer's Order No._____
              Terms   CASH FOR ENTIRE
                      AMOUNT IMMEDIATELY.

Packages                    Commodity
_____

APPROX. 200,000 GALS SWEET WINES, ASSORTED AS FOLLOWS:
    FINISHED
        60,000 GALS 100% pure muscat
        60,000   ''   PORT
        30,000   ''   ANGELICA
        50,000   ''   SHERRY
                                    .36¢ GAL
                  IN BOND, FOB TRUCK OR
                  CARS, WINERY, MADERA, CAL.
ALL OF THE ABOVE WINE TO BE OUT
BY AUGUST 1, 1953.
            ACCEPTED: SEVERINI WINERY & DISTILLERY
        BY   PHIL J. SEVERINI (Signed)
COMMISSION
.01¢ GAL FROM SEVERINI WINERY
                        FRITZ KYER
                        1115 SOUTH FIFTH STREET
                        ALHAMBRA, CALIFORNIA
                        By  _____"

We are satisfied that respondent Donkonics' letter of November 13th was an offer of purchase and ripened into a contract upon acceptance by plaintiffs.

Respondents' further contention is that the allegation that appellants "accepted such offer in writing" is insufficient and not in accordance with the condition of signing respondent Donkonics' letter. The answer to this contention is two-fold. First, it cannot be determined from the face of the pleading whether appellants "accepted such offer in writing" by signing the letter or otherwise. Second, we do not believe that signing of the letter was a "condition" or only "mode" of acceptance within the meaning of section 1582 of the Civil Code, which provides:

"If a proposal prescribes any conditions concerning the communication of its acceptance, the proposer is not bound unless they are conformed to; but in other cases any reasonable and usual mode may be adopted."

Looking beyond the literal meaning of the language used, we feel that respondents' offer was not burdened with, nor did it impose, an absolute condition as to the manner of acceptance, but only suggested a method which would be satisfactory to appellants. Consequently, it would be immaterial if such acceptance were made by signing respondent Donkonics' letter, or by a separate acceptance in writing, if such is the fact, since no possible prejudice could have been suffered by respondents in the latter event.

Respondents also contend that their special demurrer to the second cause of action was properly sustained on the ground of noncompliance with section 2466 of the Civil Code (the fictitious name statute). We do not agree. There is nothing in the complaint showing that the appellants were transacting business in this state under a fictitious name, or that they were partners doing business under a fictitious name or designation not showing the name of the persons interested in such partnership business.

We conclude that the trial court erred in sustaining respondents' demurrer to the second count in the amended complaint.

The judgment is reversed, and the trial court is directed to overrule the demurrer to the second count of the amended complaint.

Van Dyke, P. J., and Peek, J., concurred.