[Civ. No. 41091. Second Dist., Div. Five. Jan. 30, 1973.]

REINSTEIN, LAND & KATZ, Plaintiff and Appellant, v.
WALTER T. CLUNE, Defendant and Respondent.

## COUNSEL

Manley Freid and Ronald N. Baumgarten for Plaintiff and Appellant.

Wadsworth, Fraser, McClung & Dahl and E. L. Fraser for Defendant and Respondent.

## OPINION

**THE COURT.**—This matter was certified to this court pursuant to rule 63(a) and (c), California Rules of Court. The question presented is succinctly set forth in the opinion rendered by the appellate department of the superior court. Since we agree with both the reasoning and the result reached in the opinion authored by Judge Martin Katz and concurred in by Judges James Whyte (P. J.) and Delbert Wong of that department, we hereby adopt that opinion as the opinion of this court:

Plaintiff's assignors were employed as attorneys by defendant, the guardian of the estate of an incompetent person, to represent him in guardianship matters. Nothing was said by the parties either as to the amount or method of payment of the attorney's fees. In 1968, the attorneys filed in the guardianship proceedings a petition for allowance of fees for both ordinary and extraordinary services, and were awarded $3,500, which was paid. In 1969, they sought an additional allowance of fees in the amount of $4,706.26,[1] and were awarded by the court $1,025, which was also paid. Thereafter, the present action was commenced against defendant personally to recover on the theory of *quantum meruit* for legal services rendered to him. The sum prayed for represented the difference between the attorneys' fees requested and allowed by the court in 1969, plus $750 for subsequent services.

---

[1]$3,216.25 of the additional fees were sought by a petition for allowance on account of attorneys' fees and fees for extraordinary services filed by the attorneys, and $1,450 by the first and final account of the guardian filed by the attorneys, both requests being heard at the same time.

The trial court found that all services for which recovery was sought were rendered to defendant as guardian of the estate of the incompetent, from which services defendant received no personal benefit, and that the attorneys expended 88⅝ hours "in performing services for defendant as guardian of said estate, for which [defendant] was charged at the rate of $50 per hour, totaling $4,431.25, for which plaintiff has not been paid." It concluded that defendant was not indebted to plaintiff, and rendered judgment for defendant.

The question presented on this appeal is whether, since the adoption of Probate Code section 1556.1 in 1951, the guardian of the estate of an incompetent is personally liable for the attorney's fees in the absence of his agreement to be so bound. It appears to be one of first impression.

Prior to 1951, an attorney for a guardian could not enforce his claim for compensation against the ward or his estate, and the guardian was personally liable for the fees of the attorney. (*Tasker* v. *Cochrane* (1928) 94 Cal.App. 361 [271 P. 503]; *McKee* v. *Hunt* (1904) 142 Cal. 526 [77 P. 1103]; *Morse* v. *Hinckley* (1899) 124 Cal. 154 [56 P. 896]; *Hunt* v. *Maldonado* (1891) 89 Cal. 636 [27 P. 56].) Attorney's fees were expenses of the guardian, for which he was entitled to an allowance or reimbursement if the court deemed them reasonable and necessary. (*McKee* v. *Hunt, supra; Hunt* v. *Maldonado, supra.*) In 1951, section 1556 of the Probate Code was amended and section 1556.1 was added thereto to provide for the fixing by the court, upon petition of the guardian or his attorney, of the compensation of the attorney for services rendered to the guardian and for the payment of such compensation directly out of the estate of the ward. (*Estate of Ehle* (1968) 267 Cal.App.2d 24, 28 [72 Cal.Rptr. 474]; cf. *Guardianship of Boxley* (1953) 115 Cal.App.2d 483 [252 P.2d 348].) Section 1556, theretofore providing that the guardian shall be allowed the amount of his reasonable expenses and such compensation as the court in which his accounts are settled deems reasonable, was amended by adding a paragraph which, so far as here material, reads: "At any time after the filing of the inventory and appraisement, . . . any guardian may petition the court for an order fixing and allowing his compensation for services rendered to that time and *for an order fixing and allowing compensation to his attorney for services rendered to the guardian* . . . . Upon the hearing the court shall make an order allowing such compensation to the guardian for services rendered to the estate of his ward and *to his attorney for services rendered to the guardian* as the court may deem proper, and compensation so allowed shall thereupon be charged to the estate of the ward." (Italics added.)

Section 1556.1 provides as follows: ". . . any attorney who has rendered services to a guardian may petition the court for an order fixing and allowing his compensation for services rendered. . . . Upon the hearing the court shall make an order allowing such compensation to the attorney for services rendered to the guardian as the court may deem proper, and compensation so allowed shall thereupon be charged against the estate of the ward."

■  Defendant contends that the effect of the foregoing statutory changes was to place attorneys for guardians in a position similar to that of attorneys for executors or administrators, and to relieve the guardian of personal liability for attorney's fees in guardianship matters in the absence of a contrary agreement. We agree.

Before the 1905 and 1909 amendments of sections 1616 and 1619 of the Code of Civil Procedure, the predecessors of sections 910 and 911 of the Probate Code, attorneys for the representatives of deceased persons had no claim for fees which could be enforced in any way against the estate, and the executor or administrator was personally liable therefor. (*Chapman* v. *Pitcher* (1929) 207 Cal. 63 [276 P. 1008]; *McKee* v. *Soher* (1903) 138 Cal. 367 [71 P. 438, 649]; *Briggs* v. *Breen* (1899) 123 Cal. 657 [56 P. 633, 886].) As pointed out in *McKee* v. *Hunt* (1904) *supra,* 142 Cal. 526, 527, an executor or administrator was in the same position as a guardian with respect to attorney's fees. In 1905 and 1909, the statutes upon which sections 910 and 911 of the Probate Code are based were amended to provide that "Attorneys for executors and administrators shall be allowed ['fees'] out of the estate,"[2] and to permit the attorney to apply to the court for an allowance upon his fees and to impose upon the court the duty to "make an order requiring the executor or administrator to pay such attorney out of the estate such compensation . . . as the court shall deem proper, . . ."[3] Although those amendments made no reference to the personal liability of executors or administrators for attorney's fees, it was held that they made the attorney a party interested in the estate for the purpose of directly enforcing his claim for compensation and relieved

---

[2]The 1905 amendment to Code of Civil Procedure section 1619 provided that "Executors and administrators shall be allowed for fees of their attorneys for conducting the ordinary probate proceedings, the same amounts as are allowed . . . as compensation for . . . their own services," and "such further allowance . . . as the court may deem just and reasonable for any extraordinary service, . . ." (Stats. 1905, ch. 561, p. 727, § 2.) The language quoted in the body of the opinion is from the 1909 amendment to that section. (Stats. 1909, ch. 654, p. 987, § 1.)

[3]The quoted language is from the 1905 amendment to Code of Civil Procedure section 1616. (Stats. 1905, ch. 577, p. 776, § 1.) The section was not amended in 1909.

the executor or administrator from personal liability therefor. (*Chapman* v. *Pitcher, supra; Estate of Kelleher* (1928) 205 Cal. 757 [272 P. 1060]; *Hatch* v. *Bush* (1963) 215 Cal.App.2d 692 [30 Cal.Rptr. 397, 13 A.L.R.3d 503]; *Houghton* v. *Coberly* (1962) 201 Cal.App.2d 820 [20 Cal.Rptr. 489]; *Estate of De Barry* (1941) 43 Cal.App.2d 715, 725 [111 P.2d 728]; *Zagoren* v. *Superior Court* (1931) 117 Cal.App. 548 [4 P.2d 279].) In *Zagoren* (at p. 551), the court stated: "We are satisfied that since the amendment of sections 1616 and 1619 of the Code of Civil Procedure, in 1905 and 1909 (Stats. 1905, pp. 727 and 776; Stats. 1909, p. 987), an executor or administrator is not personally liable for the payment of attorney's fees in probate matters, but such fees are now proper expenses of administration, . . ."

We believe the language and purpose of the 1951 amendments to the Probate Code dealing with the compensation of attorneys for guardians is sufficiently similar to sections 910 and 911, which relate to the fees of attorneys for executors and administrators, to require that the former be given the same effect as the latter upon the question of the personal liability for attorney's fees of the person who employed the attorney. As noted, sections 910 and 911 provide for the allowance of attorney's fees "out of the estate," and sections 1556 and 1556.1 provide that the compensation of the attorney fixed and allowed by the court shall be "charged to the estate of the ward." Sections 911 and 1556.1 both authorize the attorney himself to apply to the court for an allowance on his fees and for an order directing the payment of such compensation from the estate. In providing a new procedure for obtaining fees of attorneys for guardians whereby such fees may be fixed by the court and allowed to the attorneys, the Legislature was undoubtedly aware of the numerous decisions holding that a similar procedure for obtaining fees of attorneys for executors and administrators altered the former rule with respect to the personal laibility of the executor or administrator for attorney's fees, and must have intended the 1951 statutory changes to have a like effect upon the personal liability of guardians for such fees. *Guardianship of Cookingham* (1955) 45 Cal.2d 367 [289 P.2d 16] does not require a different conclusion since it was not an action by an attorney against a guardian for fees, but involved the propriety of a credit claimed by a guardian in her final account for attorney fees incurred by the guardian under express contract.

The judgment is affirmed. Defendant to recover his costs on appeal.

A petition for a rehearing was denied February 14, 1973, and on February 21, 1973, the opinion was modified to read as printed above. Appellant's petition for a hearing by the Supreme Court was denied March 29, 1973.