[S. F. No. 12732. In Bank.—April 16, 1929.]

I. F. CHAPMAN, Appellant, v. THOMAS B. PITCHER
et al., Respondents.

William Penn Humphreys for Appellant.

Franklin Swart for Respondents.

SEAWELL, J.—Appeal from a judgment entered upon plaintiff's refusal to amend his amended complaint after demurrer sustained. The trial court held that said amended complaint did not state facts sufficient to sustain a judgment against defendants in their individual capacity.

The facts set forth in said amended complaint are substantially as herein stated in narrative form. Plaintiff was at all the times mentioned in said amended complaint a duly licensed and practicing attorney at law of this state. He was also, on June 20, 1926, admitted to practice law in the probate court of the county of Shoshone, state of Idaho. On February 22, 1913, Edwin Bray Pitcher, known at the time of his death as Edwin Prichard, died intestate in said county of Shoshone, state of Idaho, leaving surviving him as sole heir at law, John Pitcher, his father, a resident of the county of San Mateo, this state. Probate proceedings were had in the probate court of the county of Shoshone in the matter of the estate of said Edwin *Prichard*, and no heirs or other person appeared to claim said estate at the time distribution was ordered. The entire net proceeds of said estate, to wit, the sum of $11,605.57, was, by order of the probate court, made January 6, 1920, deposited with the state treasurer of the state of Idaho to be held by said officer as unclaimed moneys, in accordance with the statute of said state.

John Pitcher, the father of said Edwin Bray Pitcher, aforesaid, died testate in said county of San Mateo on

February 24, 1925, and left an estate therein. Thomas B. Pitcher and Louise Josephine Pitcher, children of said John Pitcher, deceased, were, on March 27, 1925, duly appointed executor and executrix, respectively, of the last will and testament of said John Pitcher. It is alleged that to the time of his death said John Pitcher did not know of the decease of his son, Edwin Bray, nor did either of the defendants or any heir or legatee of said John Pitcher know of the death of said Edwin Bray Pitcher until some time after letters testamentary had been issued to said Thomas B. Pitcher and Louise Josephine Pitcher. It is alleged "that plaintiff, subsequent to the death of said John Pitcher, had made extensive investigations, and believed from data which he had collected that Edwin Bray *Pitcher* and Edwin *Prichard* were one and the same individual"; that plaintiff informed defendants of his belief that Edwin Bray Pitcher had predeceased said John Pitcher and had left a net estate of between $11,000 and $12,000; that plaintiff proposed to undertake to recover for the estate of John Pitcher, deceased, the net proceeds of the estate of Edwin Bray Pitcher and "to pay all expenses in connection therewith, in consideration of receiving for such services, expenses and information, an undivided one-half interest in all the property and assets of Edwin Bray Pitcher, deceased, which should be so recovered by said estate of John Pitcher, deceased, and to receive nothing for said services, expenses and information in the event that he should not be able to make such recovery; that defendants, as *executor and executrix* of the will of said John Pitcher, deceased, desired to collect and recover said estate of Edwin Bray Pitcher, deceased, and to have the proceeds of said latter estate paid over to them *as the legal representatives* of the estate of said John Pitcher; that to accomplish the *premises,* defendants, on or about the 28th day of April, 1926, entered into a written contract with plaintiff, etc." (Italics supplied.)

Said contract, which is set out in full, after reciting the facts, declares that the executors as such of the estate of John Pitcher, had on even date executed a power of attorney in favor of I. F. Chapman granting to him certain powers in or about the matter of the estate, property and assets of Edwin Bray Pitcher, and provides as follows:

"It is now therefore distinctly understood and agreed that the said I. F. Chapman shall personally pay any and all expenses incident to the within recited matter without obligation to us therefor, and further that for and in consideration of, and as full compensation for, all services rendered and to be rendered by the said I. F. Chapman and in consideration of the information conveyed to us regarding this estate by him, he, the said I. F. Chapman, shall have and receive and we as such executors, do hereby assign, transfer, convey and set over to the said I. F. Chapman an undivided one-half (½) interest in and to any and all the right, title and interest of the estate of John Pitcher, deceased, in and to the property, assets and estate of said deceased."

While this contract bears the simple signatures "Louise Josephine Pitcher, Thomas B. Pitcher," the opening sentence reads, "We, the undersigned executors of the last will and testament of John Pitcher, deceased, . . ." Said power of attorney recites the fact of the death of John Pitcher, a resident of the county of San Mateo, and the order made in said matter appointing defendants executors of the will of said John Pitcher, deceased. It then proceeds to obligate the defendants to the performance of the covenants in the following language:

"Now, therefore, we, as the executors of the last will and testament of said John Pitcher, deceased, hereby hire and employ I. F. Chapman, attorney at law of the city and county of San Francisco, state of California, to take any and all proceedings which he may deem necessary in the Superior Court of Shoshone County, Idaho, . . . to recover for us *as such executors* from the state of Idaho or from the state treasurer of said state, any and all money now on deposit in the state treasury of the state of Idaho to the credit of Edwin *Prichard,* and in that behalf, we, as such executors, do hereby make, . . . said I. F. Chapman our lawful attorney in fact for us, as such executors, in our name, . . . as such executors, to represent us in all matters and proceedings whatsoever in the above entitled matter and to do and perform under this authority any and all acts and things that our said attorney in fact may deem necessary . . . and particularly to ask, sue for, demand, collect . . . all moneys, . . . inheritances and dis-

tributive shares now on deposit in the state treasury of the state of Idaho to the credit of the estate of Edwin *Prichard,* deceased, or in which said estate of Edwin Prichard may have any interest; . . . and generally to say, do, act and transact, accomplish and determine any and all matters and things whatsoever that we, as such executors, might, could or should do if personally in or about the above recited matter." Said power of attorney is signed, "Louise Josephine Pitcher, Thomas B. Pitcher, executors of the last will and testament of John Pitcher, deceased."

Thereafter plaintiff appeared in the probate court of Shoshone County and by proceedings had obtained an order of court directing the state auditor to draw his warrant in favor of said executors and the state treasurer to pay defendants as executors of the estate of said John Pitcher, deceased, and an order of the probate court of Shoshone County was accordingly made. It appears from the allegations of the amended complaint that said proceedings were defective and upon plaintiff's motion said order was set aside. New proceedings were instituted by plaintiff by the filing of a petition on August 27, 1926, the hearing of which was noticed for September 8, 1926. It was stipulated between plaintiff and the attorney-general of the state of Idaho, the date not being given, that upon the hearing of the petition last named, an order might be made directing the auditor of the state of Idaho to authorize the delivery to defendants, as executor and executrix of said estate of John Pitcher, of said moneys on deposit in said state as above related. Three days after the petition was filed in the second proceeding, without assigning any cause therefor, defendants discharged plaintiff from said case, revoked said power of attorney, and employed another attorney in his place, who proceeded to and did collect said moneys, to wit, $11,605.57, deposited in the treasury of said state of Idaho on account of the estate of Edwin Prichard, deceased.

The defendants herein having refused to pay plaintiff any sum for his services, damages equal to one-half of the value of said estate of Edwin Prichard, deceased, to wit, the sum of $5,802.78, for breach of contract are attempted to be

recovered by a personal action against said defendants. No relief is sought on the basis of *quantum meruit*.

The above quotations from the contract of employment and the power of attorney amply sustain the implied holding of the trial court that it was the intention of the parties thereto not to bind the defendants personally but to bind the estate of John Pitcher, deceased. Prior to the amendments of sections 1616 and 1619 of the Code of Civil Procedure (Stats. 1905, p. 776; Stats. 1905, p. 727; Stats. 1909, p. 987), the reasonable allowance for legal services was made by the probate court to the executor or administrator and could not be made to the attorney. The attorney employed by an executor or administrator to assist him in the execution of his trust had no claim that he could enforce against the estate either by action or in any other way. He was not a person interested in the estate. The amount of compensation fixed by the contract of the executor of an estate with his attorney for legal services to be rendered in settlement thereof was a matter of personal obligation on the part of the executor, or representative, with which the probate court had no concern. (*Estate of Kruger*, 143 Cal. 141 [76 Pac. 891].) Volume 11, California Jurisprudence, pages 1187, 1188, 1193, 1194, 1195, contains a full discussion of this question with numerous citations of authority directly holding that prior to the amendment of 1905 attorneys could not assert a demand against the estate of a deceased person, but were limited to their personal action against the executor or other representative of the estate who had employed them. This rule was changed by the amendment above noticed prior to the present transaction to the form in which it now exists by providing that attorney fees "shall be allowed out of the estate." (Code Civ. Proc., sec. 1619.)

At all times prior to said amendments it was competent for an executor by stipulation to exempt himself personally from the payment of a larger fee than the amount to be fixed by the court as a reasonable allowance to the executor for the services of said attorney. The probate court, however, was not bound by the agreement of executor and attorney as to the amount which they may have deemed reasonable or proper. The many earlier

cases of this court cited by appellant to the effect that an administrator or executor of an estate is personally liable for the payment of attorneys' fees in probate matters were decided before the change was brought about by the adoption of the amendment and the enactment of statutes which revised the whole system of claims against estates and more particularly placed attorneys in their relation to estates on a basis similar to that of executor or administrator. ■ The contract in the instant case purports to obligate the defendants as *executor and executrix* to "assign, transfer, convey and set over" to the plaintiff an undivided one-half interest in the property, estate and assets of the estate of Edwin Bray Pitcher, deceased, property belonging to the estate of John Pitcher, "in consideration of and as full compensation for all services rendered and to be rendered by the said I. F. Chapman and in consideration of the information conveyed to us [as the legal representatives of the estate of John Pitcher, deceased] regarding this estate by him. . . . ". No petition or application of any kind or order was made to the probate court for authority to so contract nor was any claim presented against the estate or application made to the court for the allowance of reasonable attorney's fee for performance of extraordinary services, as provided by section 1619 of the Code of Civil Procedure, or otherwise. No attempt was made by plaintiff to observe the procedure prescribed by statute which is necessary to establish a claim or demand against an estate of a deceased person, nor was an action commenced against the estate to establish the demand here attempted to be enforced by personal action against the defendants.

Respondents, as further defenses to plaintiff's right of recovery, have urged the issue that the contract was revocable for the reason that the executor had no authority to assign or transfer an interest in the estate of John Pitcher, deceased, except by order of the probate court and that the contract was not coupled with an interest; further, that the attorney soliciting the contract possessed knowledge concerning facts about which the contract was made of which the defendants were ignorant, and that the concealment of material facts for the purpose of inducing

the execution of a contract amounts to the perpetration of a fraud on the party from whom such facts are withheld.

Our construction of the contract makes it unnecessary to give further consideration to the points raised by counsel.

Judgment affirmed.

Richards, J., Shenk, J., Curtis, J., Langdon, J., Preston, J., and Waste, C. J., concurred.