# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| RICARDO MARTINEZ, GLORICELA LORENZO, OSCAR LOPEZ, ARELI GARCIA, ARMANDO SIFUENTES, VALERIO ROSETE, BRIANDA MARTINEZ, CARLOS MARTINEZ, JENNIFER MARTINEZ, GABRIELLA GALLARDO HERNANDEZ, | DIVISION ONE<br><br>No. 82783-9-I<br><br>UNPUBLISHED OPINION |
| Appellants/Cross-Respondents, | |
| ALFONSO AYALA, DANIEL SMITH, LUIS VALERIO, RENEE VELASQUEZ, DORA VELASQUEZ (FLORES), JUAN MORENO, ANTONIO CAJENA, JORGE VALERIO, VICTOR MORAN, JENNIFER MORAN, RODOLFO VASQUEZ, MARIA VASQUEZ, MARGARITA DOLORES, PLACIDA FRANCISCA RIVAS, MALVY N. BARAHONA, NELSON GONZALEZ, SAMUEL OLEA, DINA OLEA, RICARDO OLEA, GABRIENLA OLEA, OMAR OLEA, SARBELIA BLANCO, DIIIA ESPINOZA, OSCAR ESPINOZA, JOSE MARNUNEZ, ESTEBAN REYES, CLAUDIO ROSETE, ARELY LOYO BAUTISTA, JULIO MARTINEZ CORTEZ, MARGA LOPEZ, SILVIA POTENCIANO, CHRISTIAN VELASQUEZ, ESPERANZA GARZA, ANGEL RAMIREZ, NOE HERNANDEZ, ORFA GARCIA, NERY ESPINOZA, JULIANA GARCIA DE MAR, YANIRA RAMIREZ, OSCAR CHINCHILA, EDITH | |

LOPEZ, ALESANDRO BALAM, HENIA
GONZALEZ, AIDA M. MARTINEZ,

                        Plaintiffs.
         v.

RAFAEL A. AYALA and LUZ AYALA,
and their marital community;
MINISTERIOS ROCA FUERTE, a
Washington nonprofit corporation,

        Respondents/Cross-Appellants.

DWYER, J. — Ten plaintiffs appeal from the trial court's order granting the summary judgment motion filed by Rafael Ayala, Luz Ayala, and Ministerios Roca Fuerte.[1] The plaintiffs contend that the trial court erred in so doing for two reasons. First, the plaintiffs assert that the defendants' motion was moot because it was directed at the second amended complaint instead of the third amended complaint. Second, the plaintiffs contend that the record contains sufficient evidence to establish a genuine issue of material fact on three of five causes of action alleged. Because the plaintiffs fail to establish an entitlement to relief on any of their claims, we affirm.

On cross-appeal, the defendants contend that the trial court erred by denying their request for an award of attorney fees and costs pursuant to RCW 4.84.185 and CR 11. Because the plaintiffs' claims were not frivolous, we affirm the trial court's order denying this request.

---

[1] The plaintiffs herein are Ricardo Martinez, Gloricela Lorenzo, Oscar Lopez, Areli Garcia, Armando Sifuentes, Valerio Rosete, Brianda Martinez, Carlos Martinez, Jennifer Martinez, and Gabriella Gallardo Hernandez. For clarity, we refer to them collectively as the plaintiffs. Similarly, we refer to Rafael Ayala, Luz Ayala, and Ministerios Roca Fuerte collectively as the defendants.

I

On June 12, 2019, 45 plaintiffs[2] filed a complaint against Rafael Ayala. According to this complaint, the 45 plaintiffs were members of a church known as Ministerios Roca Fuerte (Ministerios). Ayala was a senior pastor at Ministerios and served as a member of the church's board of directors. This complaint alleged three causes of action against Ayala: breach of fiduciary duty, negligence, and involuntary dissolution pursuant to RCW 24.03.266.

On August 19, 2019, the plaintiffs filed a first amended complaint. The first amended complaint added 10 new plaintiffs to the complaint, removed 1 plaintiff from the complaint, and listed Ministerios as a defendant. In all other respects, the first amended complaint remained the same as the original complaint.

On February 10, 2020, the 54 plaintiffs who filed the first amended complaint filed a second amended complaint, which added Ayala's spouse, Luz Ayala, as a defendant. In paragraphs 2.4 through 2.7 of the second amended complaint, the plaintiffs alleged that Ayala (1) paid for various personal expenses with money that the plaintiffs had donated to Ministerios, (2) solicited money donations from the plaintiffs under false pretenses, (3) placed the assets of Ministerios under his exclusive control, (4) refused to allow and maintain an accounting of Ministerios's assets, and (5) engaged in other unspecified illegal actions.

---

[2] In their appellate briefing, both the plaintiffs and the defendants state that 54 plaintiffs filed this original complaint. However, only 45 plaintiffs are listed as parties in the original complaint.

On July 31, 2020, the defendants filed a motion for summary judgment. In this motion, the defendants asserted that no evidence existed to support the claims of wrongdoing as alleged in the second amended complaint. Attached to this motion was a declaration of Ayala wherein he stated: "I have read the *General Factual Allegations* made against me in paragraphs 2.4 through 2.7 in the Second Amended Complaint and DENY all of them as being untrue allegations."[3] In addition to seeking a summary judgment determination, the defendants requested an award of attorney fees and costs pursuant to RCW 4.84.185 and CR 11.[4]

On September 17, 2020, the trial court entered an order imposing sanctions on the defendants for engaging in several discovery violations. This order provided that "the hearing on Defendant [Ministerios]'s motion for summary judgment set for October 2, 2020 is STRICKEN, though without prejudice as to whether or when the motion might be re-noted for a hearing."

On September 22, 2020, the 54 plaintiffs who filed the second amended complaint filed a third amended complaint. This complaint added two claims in addition to the three claims alleged in the second amended complaint: (1) a claim for judicial removal of a director pursuant to former RCW 24.03.1031 (1999), *repealed by* LAWS OF 2021, ch. 176, § 5301, and (2) a claim of corporate

---

[3] The defendants also filed a declaration of Ayala's spouse, Luz, wherein she stated that she "never served as a member of the Board of Directors of Ministerios Roca Fuerte" and that she did "not have knowledge of the business affairs of Ministerios Roca Fuerte."

[4] We note that, in their motion, the defendants also asserted that none of the 54 plaintiffs had standing to advance their claims. In support of this argument, the defendants filed a declaration of Julio Trejo, the president of the board of directors of Ministerios. In this declaration, Trejo, on behalf of the board, stated that 52 out of 54 of the plaintiffs were not current members of Ministerios. Trejo also stated that the other two plaintiffs informed him that they did not desire to be parties to the lawsuit.

disregard.  Notably, the factual allegations that served as the basis for the claims in the third amended complaint were the same as the factual allegations that served as the basis for the claims in the second amended complaint.

On January 13, 2021, the trial court entered an order granting a motion, filed by the plaintiffs, to enforce a settlement agreement.  Therein, the trial court dismissed with prejudice the claims of 43 plaintiffs.  Pursuant to this order, the claims of 10 plaintiffs remained.

On April 8, 2021, the defendants renoted their motion for summary judgment.  In so doing, the defendants did not file a new summary judgment motion but, instead, relied on their previously-filed motion.

On May 10, 2021, the plaintiffs filed a memorandum in response to the defendants' motion.  In this memorandum, the plaintiffs asserted that the defendants' motion should be denied as moot because it was directed at the second amended complaint instead of the third amended complaint.  This responsive memorandum did not include any references to evidence in the record to support the factual allegations asserted against the defendants.

On May 13, 2021, the plaintiffs filed declarations of 8 of the 10 remaining plaintiffs wherein these 8 plaintiffs stated that they were members of Ministerios.[5] The following day, the plaintiffs filed a supplemental declaration of their attorney, which was supported by various exhibits.  In this declaration, the plaintiffs' attorney stated that Ayala, in response to certain requests for admission, initially denied making various withdrawals from a Ministerios bank account but

---

[5] The plaintiffs assert that every remaining plaintiff filed declarations stating that they were members of Ministerios.  However, the record contains only 8 of these declarations.

subsequently supplemented his responses to these requests for admission by stating that he did, in fact, make these withdrawals.

On June 3, 2021, the trial court heard the defendants' motion for summary judgment. During the hearing, the trial court expressed its intent to grant the motion, reasoning that the plaintiffs did not produce any evidence of wrongdoing to support their factual allegations against the defendants. The following day, the trial court entered an order granting the defendants' motion. In this order, the trial court denied the defendants' request for an award of attorney fees and costs.

The plaintiffs appeal. The defendants cross-appeal.

II

The plaintiffs assert that the trial court erred by granting the defendants' motion for summary judgment. According to the plaintiffs, the defendants' motion was moot because it was directed at the second amended complaint instead of the third amended complaint. Additionally, the plaintiffs assert that the record contains genuine issues of material fact with regard to their claims of breach of fiduciary duty, negligence, and involuntary dissolution under RCW 24.03.266. Both of these arguments are without merit.

A

> In a summary judgment motion, the moving party bears the initial burden of showing the absence of an issue of material fact. See LaPlante v. State, 85 Wn.2d 154, 158, 531 P.2d 299 (1975). If the moving party is a defendant and meets this initial showing, then the inquiry shifts to the party with the burden of proof at trial, the plaintiff. If, at this point, the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial", then the trial court should grant the motion. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548

(1986); see also T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630-32 (9th Cir. 1987). In Celotex, the United States Supreme Court explained this result: "In such a situation, there can be no 'genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." 477 U.S. at 322-23.

In making this responsive showing, the nonmoving party cannot rely on the allegations made in its pleadings. CR 56(e) states that the response, "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." At that point, the evidence and all reasonable inferences therefrom is considered in the light most favorable to the plaintiff, the nonmoving party. An appellate court reviewing a summary judgment places itself in the position of the trial court and considers the facts in a light most favorable to the nonmoving party. Del Guzzi Constr. Co. v. Global Northwest Ltd., 105 Wn.2d 878, 882, 719 P.2d 120 (1986).

Young v. Key Pharms. Inc., 112 Wn.2d 216, 225-26, 770 P.2d 182 (1989)

(footnotes omitted).

In the context of CR 56(e),

[a] fact is an event, an occurrence, or something that exists in reality. *Webster's Third New International Dictionary* 813 (1976). It is what took place, an act, an incident, a reality as distinguished from supposition or opinion. 35 C.J.S. *Fact* 489 (1960). The "facts" required by CR 56(e) to defeat a summary judgment motion are evidentiary in nature. Ultimate facts or conclusions of fact are insufficient. See Hatch v. Bush, 215 Cal. App. 2d 692, 30 Cal. Rptr. 397 (1963). Likewise, conclusory statements of fact will not suffice. American Linen Supply Co. v. Nursing Home Bldg. Corp., 15 Wn. App. 757, 767, 551 P.2d 1038 (1976).

Grimwood v. Univ. of Puget Sound, Inc., 110 Wn.2d 355, 359-60, 753 P.2d 517

(1988), abrogated on other grounds by Mikkelsen v. Pub. Util. Dist. No. 1 of

Kittitas County, 189 Wn.2d 516, 404 P.3d 464 (2017).

B

During the summary judgment hearing, the trial court both ruled that the defendants' motion required the plaintiffs to produce evidence to support the factual allegations asserted against the defendants and explained that, because the plaintiffs failed to produce such evidence, the defendants were entitled to summary judgment in their favor:

> THE COURT: . . .
> I think it was not good practice to file the same-year-old motion and it should have been updated to refer to the current amended complaint, but I think it was -- the admitted complaint was not amended so materially that it made the motion incomprehensible or moot in any way. I think it was more than adequate to put you on notice that all claims were being challenged and obligated you to come forward with affirmative evidence to show that there are material disputes of fact.
> So show me where the disputes of fact are as supported by the record.
> As I read your materials, I don't believe you address the merits, and I don't see evidence in the record of wrongdoing by the pastor or the church that would be sufficient -- well not sufficient, I don't see any, so I don't have -- I can't take any inferences in your favor without any evidence.
> What is there that I am missing?
> [PLAINTIFFS' COUNSEL WITTMAN]: Well, your honor, there is not a rebuttal that I could see in the reply that contested the notion or the law in fact that -- I will put it like this: When this motion, the latest motion was filed on April 8th, which specifically seeks the dismissal of three causes of action, and the second amended complaint now apparently the court is considering applying that motion specifically addressed to three causes of action -- to consider dismissal of a superseded complaint alleging five causes of action.
> So under the case law, they are seeking dismissal of three causes of action which under the case law are under a complaint that is considered a legal nullity, so for the court to say, [w]ell, neither that complaint -- the claims asserted on that might be a -- were ruled out as an operation of law superseded -- then the court, at least according to the Washington case I cited for persuasive purposes in my brief, the court can't dismiss five causes of action without considering the allegations of those five causes of action.

8

THE COURT: But Mr. Wittman, the motion put in issue all of the underlying facts, and those causes of action, although they are newly stated in the third amended complaint, are based on the same underlying facts and you produced no evidence to support the alleged facts.

I can't deny summary judgment based on allegations in a complaint. That is well established.

[PLAINTIFFS' COUNSEL WITTMAN]: Well, I think the appropriate response from our standpoint, your honor, is that under CR 56 – well, twofold: If the issue is evidence of breach of fiduciary duty, improper withdrawal, etc., then the court under CR 56[(c)] will consider the pleadings, depositions, answers to interrogatories and admissions on file.

THE COURT: Well, I will if they have been cited to me, Mr. Wittman, but I am not required to comb through the entire court file to see whether you have done your job or not. You are required in your memorandum opposing summary judgment to draw my attention to facts supported by admissible evidence, either submitted with the motion or already in the record, but you have got to point to them, and you haven't yet, so explain that to me.

[PLAINTIFFS' COUNSEL WITTMAN]: All right, well your honor, if the requirement is calling to attention, well then -- here is an important point: Irrespective of the affidavits or things that are on file right now, can the defense sustain their burden of demonstrating no material issue of fact on the strength of the deposition of Mr. Trejo, because if the declaration of Mr. Trejo is accepted, then it is plausible that that would dispel or allow the court to determine that there is no issue of material fact and the plaintiffs could say they are members, aren't members, so it is a crucible point about whether the court will accept the declaration of Trejo, which apart from being submitted in bad faith, is clearly under the court rules governing the admissibility of evidence at summary judgment proceedings just clearly hearsay.

So a secondary issue is will the court consider the declaration of Trejo and if the court considers it, even though it is hearsay, then it is plausible that the court could make an adjudication if there is or is not a disputed issue of fact, but if the court strikes that declaration as inadmissible, then there exists material issues of fact as to every fact asserted, or every contention made in that declaration, including that the plaintiffs have no standing because they were never members.

. . . .

THE COURT: Thank you, Mr. Wittman. Mr. Park, for rebuttal? Three minutes.

[DEFENDANTS' COUNSEL PARK]: . . .

9

. . . [T]he bottom line here is, your honor, they have made allegations of wrongdoing by board members of this corporation and there is no evidence to support it.

Based on that, summary judgment is appropriate and the remaining causes of action from the third amended complaint, given that they are all based on the same set of facts, should all be dismissed, all claims should be dismissed, and this case should be over.

THE COURT: All right.  Thank you, counsel.

. . . .

I think even if there is considered to be disputes of fact as to whether or not the individual plaintiffs were members of [Ministerios], that does not create a material issue sufficient to defeat summary judgment.

The motion for summary judgment properly supported by declarations of Pastor Ayala, Luz Ayala and Mr. Trejo put at issue, because they deny all of the allegations of wrongdoing, required the plaintiff to come forward with affirmative evidence of wrongdoing to support its allegations and to avoid dismissal on summary judgment.

Counsel in his response memorandum did not point the court to a single fact in dispute, and accordingly, there are no inferences to be drawn; there is a complete failure of evidence on the allegations of wrongdoing that support each of the causes of action in the third amended complaint, and I will grant the motion to dismiss the third amended complaint as requested in the motion.

C

The plaintiffs contend that the defendants' motion for summary judgment was rendered moot because it was directed at the second amended complaint instead of the third amended complaint.  As such, the plaintiffs assert, the trial court erred by granting this motion.  However, under CR 56, summary judgment motions are directed at claims and issues—they are not directed at the pleadings themselves.  Indeed, we have explained that "[i]t is the responsibility of the moving party to raise in its summary judgment motion all of the *issues* on which it

10

believes it is entitled to summary judgment." White v. Kent Med. Ctr., Inc., 61 Wn. App. 163, 168, 810 P.2d 4 (1991) (emphasis added); see CR 56(a) and (b).[6]

Here, the defendants' motion for summary judgment, along with the declaration of Ayala, asserted that no evidence existed to support the factual allegations that served as the basis for all of the plaintiffs' claims. The factual allegations contained within the second amended complaint were the same as the factual allegations contained within the third amended complaint. Accordingly, the trial court correctly assigned no significance to the plaintiffs' argument that the defendants' motion has been rendered moot.

D

The plaintiffs next assert that genuine issues of material fact exist with regard to their claims of breach of fiduciary duty, negligence, and involuntary dissolution under RCW 24.03.266.[7] In support of this argument, the plaintiffs claim that Ayala, in response to certain requests for admission, initially denied making various withdrawals from a bank account owned by Ministerios before he submitted supplemental responses to these requests wherein he stated that he

---

[6] This court rule provides, in relevant part:

**(a) For Claimant.** A party seeking to recover upon a *claim, counterclaim, or cross claim*, or to obtain a declaratory judgment may, after the expiration of the period within which the defendant is required to appear, or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor *upon all or any part thereof*.

**(b) For Defending Party.** A party against whom a *claim, counterclaim, or cross claim* is asserted or a declaratory judgment is sought may move with or without supporting affidavits for a summary judgment in such party's favor *as to all or any part thereof*.

CR 56 (emphasis added).

This language clarifies that summary judgment motions are directed at claims and any issues regarding those claims.

[7] RCW 24.03.266 enumerates the circumstances under which a superior court may dissolve a nonprofit corporation.

did, in fact, make these withdrawals. The plaintiffs further assert that the defendants "could not produce any corporate board resolution or board meeting minutes to substantiate [Ayala's] claim that Ministerios authorized these self-serving transactions."[8]

For three reasons, however, the plaintiffs are not entitled to appellate relief on this claim. First, in the argument section of their opening brief, the plaintiffs do not provide citations to the record in support of this claim as is required under the rules of appellate procedure. See RAP 10.3(a)(6).

Second, the evidence referenced by the plaintiffs does not raise a genuine issue of material fact to support any of the plaintiffs' claims. Despite the fact that the plaintiffs' attorney did not call this evidence to the attention of the trial court during the summary judgment hearing, the summary judgment order provided that the trial court considered this evidence. Viewed in the light most favorable to the plaintiffs, this evidence establishes merely that Ayala withdrew money from a bank account owned by Ministerios. It does not indicate that Ayala used this money for any improper purpose. As such, the evidence does not raise a fact issue to support any of the plaintiffs' claims.

Finally, the plaintiffs improperly assert that the defendants bore the burden of establishing that Ayala was authorized to make these withdrawals. In response to a motion for summary judgment, the nonmoving party bears the burden of producing evidence showing that a genuine issue of material fact exists for trial. See Young, 112 Wn.2d at 225-26; CR 56(e). Because the

---

[8] Br. of Appellant at 18.

plaintiffs did not produce any evidence that Ayala was not authorized to make these withdrawals, they failed to meet their burden.

For these reasons, the trial court did not err by granting the defendants' motion for summary judgment.[9]

III

On cross-appeal, the defendants contend that the trial court erred by denying their request for an award of attorney fees and costs pursuant to RCW 4.84.185 and CR 11. "The decision to make an award of attorney's fees under RCW 4.84.185 is left to the discretion of the trial court and will not be disturbed in the absence of a clear showing of abuse." Rhinehart v. Seattle Times, 59 Wn. App. 332, 339-40, 798 P.2d 1155 (1990). To be entitled to an award of attorney fees and costs under RCW 4.84.185, "[t]he lawsuit, as a whole, that is in its entirety, must be determined to be frivolous and to have been advanced without reasonable cause." Biggs v. Vail, 119 Wn.2d 129, 137, 830 P.2d 350 (1992). A similar standard governs CR 11 claims. Bryant v. Joseph Tree, Inc., 119 Wn.2d 210, 219-20, 829 P.2d 1099 (1992). Because the action as a whole was not frivolous, we affirm the trial court's order denying this request.[10]

---

[9] In briefing, the parties spar about whether the plaintiffs had standing to bring this action. We need not address this question.

[10] The defendants also request an award of attorney fees and costs on appeal pursuant to RCW 4.84.185 and RAP 18.1. We deny this request. Finally, the defendants request an award of costs on appeal pursuant to RCW 4.84.010, .030, and .080. The defendants must make this request pursuant to RAP 14.4.

Affirmed.

_Dwyer, J._

WE CONCUR:

_Hazelrigg, J._      _Smith, A.C.J._